FILED IN OPEN COURT

1 3 19

TIMOTHY M. O'BRIEN, CLERK

BY

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

      v.

KAYLA MICHELLE SIMPSON

        Defendant.

Case No. 18-40002-DDC

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Christine E. Kenney, and Kayla Michelle Simpson, the defendant, personally and by and through her counsel, Timothy H. Burdick, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.      **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count 1 of the Information charging a violation of 18 U.S.C. § 2252(a)(4)(B), that is, Possession of Child Pornography.  By entering into this Plea Agreement, the defendant admits to knowingly committing the offense(s), and to being guilty of the offense(s).  The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which she has agreed to plead guilty is not less than 10 years and not more than 20 years of imprisonment[1], a $250,000 fine, not less than 5 years and not more than life of supervised release, the JVTA assessment of $5,000[2], and a $100.00 mandatory special assessment.  The defendant further agrees to forfeit property or money to the United States, as agreed.

---

[1]  The parties believe the defendant has a qualifying prior.

[2]  However, if the defendant is indigent pursuant to the act then this assessment does not apply.

Ver. 17-09

2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> In September 2016, law enforcement investigated a report that the defendant, Kayla
> Michelle Simpson, had travelled from Kansas to Alabama and was in violation of a
> protective order.  On September 20, 2016, during the course of the investigation, law
> enforcement seized the defendant's iPhone.  Law enforcement discovered images on the
> iPhone of the defendant engaged in sexual intercourse with a juvenile female, DOB:
> 3/2000.  According to the data associated to the images, the images were created or
> modified in June 2016, and July 2016.
>
> During interviews with the defendant and with the juvenile female, both confirmed they
> are the individuals depicted in the images from the defendant's iPhone.  Further, the
> defendant knew that the juvenile female was under the age of 18 years on the dates that
> the images were recorded.
>
> The defendant used an Apple iPhone Model A1688 (Item BR1 / GESO Case No. 16-
> 06145) to commit the offense of possession of child pornography.

3.    **Application of the Sentencing Guidelines.**  The parties request that the Court

apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence.

The defendant agrees to waive all constitutional challenges to the validity of the Guidelines.  The

defendant understands and acknowledges that the Court will find, by a preponderance of the

evidence, the facts used to determine the offense level, and in making its findings, that the Court

may consider any reliable evidence, including hearsay.  Nothing in this section prevents the parties

from filing objections to the Presentence Report prepared by the United States Probation Office,

or from arguing the application of specific sections of the Guidelines.  The parties agree that the

Court will determine the final Guideline range.  The parties understand this Plea Agreement binds

the parties only and does not bind the Court.

4.    **Relevant Conduct.**  The parties have agreed to the application of the Guidelines.

Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all

other uncharged related criminal activity, will be considered as relevant conduct for purposes of

calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

     5.    **Government's Agreements.**  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    (a)    to move to dismiss the Indictment at the time of sentencing;

    (b)    to not file any additional charges against the defendant arising out of the facts forming the basis for the present Information and Indictment;

    (c)    to recommend a sentence at the low end of the applicable Guideline range;

    (d)    to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.  In addition, if her offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds she qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because she timely notified the government of her intention to enter a plea of guilty; and

    (e)    in the event the United States requests the Court to consider reducing the defendant's sentence for her substantial assistance, as discussed below, to allow the defendant: i) to argue for a greater reduction for that substantial assistance than the United States recommends, and ii) request a variance or departure beyond what the United States recommends; however, the United States is free to oppose such further reduction, variance or departure.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility.  If the defendant denies or gives conflicting statements as to her involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if she has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of

3

justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, she understands and agrees that all statements she made, any testimony given before a grand jury or other tribunal, or any leads from such statements or testimony, shall be admissible against her in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements she made subsequent to this Plea Agreement.

6. **Defendant's Agreements.** The defendant agrees to cooperate fully and truthfully with the United States. Specifically, the defendant agrees:

   (a)   to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing; and,

   (b)   to provide all information concerning the defendant's knowledge of, and participation in the offenses charged in the Information and Indictment and all related conduct.

7. **Substantial Assistance.** The defendant acknowledges that she has not yet provided substantial assistance within the meaning of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). She also acknowledges and understands that the determination as to whether she has provided substantial assistance and whether a U.S.S.G. § 5K1.1 motion will be filed are left entirely and exclusively within the discretion of the United States. If the United States makes a determination that she has provided substantial assistance, the United States shall request that the Court consider reducing

4

the sentence she would otherwise receive under the applicable statutes and/or sentencing guidelines, pursuant to 18 U.S.C. § 3553(e), 28 U.S.C. § 994(n), and U.S.S.G. § 5K1.1.

8.     **Sentence to be Determined by the Court.**  The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence she will receive.

9.     **Forfeiture of Assets.**  The defendant knowingly and voluntarily agrees and consents:

The defendant agrees to the forfeiture of the following property to the United States: an Apple iPhone Model A1688 (Item BR1 / GESO Case No. 16-06145).  The defendant agrees that this property was used or intended to be used to commit or to promote the commission of Count 1. The defendant knowingly and voluntarily waives her right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment.  The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of her sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.  Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of her interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10.    **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.**  The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a)    Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change.  Defendant further agrees to provide all supporting

5

documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which the defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b)     Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c)     Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d)     Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e)     Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f)     Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, she agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g)     If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h)     Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i)     Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address or other contact information until the judgment debt is paid in full.

(j)     Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k)     Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default, and agrees to be immediately included in the Treasury Offset Program allowing federal benefits and payments to be offset and applied to the balance of criminal monetary penalties.

(l)     Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

11.     **Restitution**. The defendant understands that restitution may apply to the count of conviction and to any dismissed counts of the Indictment. The defendant agrees that the United States retains the right to argue for payment of restitution for all counts, including any dismissed counts. This paragraph does not mean that the defendant has agreed to an imposition of an order of Restitution.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, which it may do as a condition of supervised release, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

If the defendant makes a payment of the restitution agreed to in this paragraph prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to this paragraph.

7

The defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

> Clerk, U.S. District Court
> 401 N. Market, Room 204
> Wichita, Kansas 67202

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

    (i)   The defendant's name and Social Security number;

    (ii)  The name and Social Security number of the spouse with whom the defendant filed the joint returns for the tax periods identified herein;

    (iii) The District Court and the docket number assigned to this case;

    (iv) Tax year(s) or period(s) for which restitution has been ordered; and

    (v)  A statement that the payment is being submitted pursuant to the District Court's restitution order.

12.    **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which she does not agree, she will not be permitted to withdraw her guilty plea.

13.    **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against her at the time of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  The defendant has the burden of establishing an inability to pay the required special assessment.  The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during her period of incarceration.

14.     **Waiver of Appeal and Collateral Attack.**   The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.   The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed.   The defendant also waives any right to challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).   In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).  Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

15.     **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

16.     **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning her background, character, and conduct, including the entirety of her criminal activities.   The defendant understands these disclosures are not limited to the count to which she is pleading guilty. The United States may respond to comments she or her attorney makes, or to positions she or her attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

17.     **Megan's Law/Adam Walsh Act Notice.**  The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that she must update her registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18.    **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only her and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

19.    **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with her attorney and she is fully satisfied with the advice and representation her attorney provided.  Further, the defendant acknowledges that she has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

The defendant acknowledges that she is entering into this Plea Agreement and is pleading guilty because she is guilty.  She further acknowledges that she is entering her guilty plea freely, voluntarily, and knowingly.

11

Christine E. Kenney
Assistant United States Attorney

Date: 1·3·2019

Jared S. Maag
Assistant United States Attorney
Supervisor

Date: 1/3/19

Kayla Michelle Simpson
Defendant

Date: 1/3/19

Timothy H. Burdick
Office of Federal Public Defender - KCKS
500 State Avenue, Suite 201
Kansas City, KS 66101-2400
Counsel for Defendant

Date: 1/3/19

12